IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cr-30033 |
| | ) |
| JEFFERY NELSON, | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jeffery Nelson's second pro se motion (d/e 65) and amended motion (d/e 69) for compassionate release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On October 24, 2017, Defendant Jeffery Nelson plead guilty to distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(iii). On April 9, 2018, Defendant was sentenced to 120 months' imprisonment and an 8-year term of supervised released. Defendant is currently serving his sentencing

at FCI Greenville.  He has a projected release date of December 3, 2025.

On September 9, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release due to his health issues and the COVID-19 pandemic.  See d/e 62.  On September 10, 2020, this Court denied Defendant's motion for compassionate release because Defendant did not provide the Court with any specific details or evidence proving that he has comorbidities that would increase his risk of serious illness or death if he contracts COVID-19.  See Text Order dated 9/10/2020.  Additionally, Defendant did not submit a proposed release plan.  Id.

On September 23, 2020, Defendant filed a second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release due to COVID-19 being present at FCI Greenville and the fact that he is obese and prediabetic.  See d/e 65.  On October 16, 2020, following the appointment of counsel to represent Defendant, an amended second motion for compassionate release was filed.  See d/e 69.  On October 21, 2020, the Government filed a response opposing

Defendant's motion. See d/e 70. The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is

earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant submitted a compassionate release request to the warden of FCI Greenville and his request was denied by the warden on July 5, 2020.  See Amended Motion, d/e 69, p. 2. The Government does not dispute this.  See Response, d/e 70.  The Court therefore finds that Defendant has met the 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

The Court must next consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

FCI Greenville has 23 inmates and 12 staff members who actively have COVID-19. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed November 4, 2020). However, the facility has made strides in combating the disease as 274 inmates and 26 staff members have recovered from COVID-19. Id.

Defendant is a 40-year-old male who is prediabetic and is obese as he has a BMI of 33. See d/e 69, p. 3. Being obese places Defendant at a higher risk of medical issues if he contracts COVID-19. See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last accessed November 4, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19:...Obesity (body mass index [BMI] of 30 or higher)...."). Defendant argues that prediabetes also places him at a higher risk of serious illness or death if he contracts COVID-19. However, the CDC has not listed prediabetes as a condition that increases or might increase the risk. See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 4, 2020) (discussing conditions that place an individual "at increased risk" and other conditions that "might be [] an increased risk.").

    While the Court is sympathetic to Defendant's medical conditions, the Court is concerned that Defendant remains a risk to the community. The Court must reconsider the factors in § 3553(a). Defendant has only served 39% of his statutory sentence and has over five years remaining on his sentence as he has a projected release date of December 3, 2025. The Bureau of Prisons has assessed Defendant as a high risk to reoffend. See d/e 70, p.

11. Additionally, the U.S. Probation Office does not find Defendant's proposed release plan suitable. See d/e 68, p. 2.

Based on the history and characteristics of Defendant and the nature and circumstances of the offense, the Court finds that reconsideration of the factors in § 3553(a) concludes that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Jeffery Nelson's second pro se motion (d/e 65) and amended motion for compassionate release (d/e 69) are DENIED. The Clerk is DIRECTED to send a copy of this Opinion to FCI Greenville.

ENTER: November 5, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE